159 U.S. 477 (1895)
RICHARDS
v.
CHASE ELEVATOR COMPANY.
No. 819 of October term, 1894.
Supreme Court of United States.
Received June 3, 1895
Denied November 11, 1895.
PETITION FOR A REHEARING.
*485 Mr. Charles K. Offield for the petitioner submitted on the petition.
MR. JUSTICE BROWN delivered the opinion of the court.
A petition was filed at the last term for a rehearing in these cases upon the ground that the court erred in assuming judicial knowledge of the construction and operation of grain elevators, and in holding that these elevators contained practically the same elements as the grain transferring apparatus of the Richards patents. The argument is that the object of Mr. Richards' invention was to obviate and do away with elevators, by securing the continuous and automatic transfer of grain from one car to another, weighing it in transit, and preserving the identity of each lot; whereas, in the ordinary elevator, the grain is raised from the car or vessel, deposited in a storage bin where its identity is lost, and other grain is withdrawn, as required, from the storage bin, to take its place.
That the device described may be a convenient and valuable method of transferring grain from one car to another is not denied. The question is whether it involves invention.
There is certainly no novelty in the result, since the grain may be transferred by shovels from one car to a platform or *486 bin, where it may be weighed, and again transferred to a receiving car, though doubtless this is a slow and laborious process. Is there any novelty in the method by which this is done? The grain is shovelled from one car into a chute, from which it passes into the elevator leg, through which the buckets move upward, and is discharged into a hopper. It is there weighed, without being mixed with other grain, a valve is opened, and the grain discharged into the receiving car. There is clearly no novelty in the individual steps of this transfer. Indeed, the failure to claim either one of the elements separately raises a presumption that no one of them is novel.
The novelty, then, must be in the combination, which differs from the combination of an ordinary elevator only in the omission of the storage feature, by which grain is housed in transit, and its identity lost. While the omission of an element in a combination may constitute invention, if the result of the new combination be the same as before; yet if the omission of an element is attended by a corresponding omission of the function performed by that element, there is no invention, if the elements retained performed the same function as before. This is well illustrated in the case of Stow v. Chicago, 3 Bann. & Ard. 92, decided in the same circuit. If, for instance, another person should take out a patent for this same combination, with the weighing hopper omitted, such patent would clearly be void, unless another method of weighing were substituted. The invention in this case is said to consist in the fact that the grain is not stored in transit, but is delivered directly from one car to another. Of course, its identity is not lost, and cannot be lost, since the storage feature, which destroys the identity of the grain in the elevator, is omitted. But this is a mere accident and not a new function of the transferring device. The same thing would happen in the case of an elevator, if, while a cargo of wheat were being transferred from a vessel to a train of cars, there happened to be no other grain in store with which the cargo in question could become mixed. In the Richards' device there is never but one lot of grain being transferred at a time, so that there is no possibility of the grain losing its identity, while the ordinary course of *487 business in an elevator is for the grain to be dealt with in large cargoes, so that the identity of a particular lot is lost by its being mixed with others. After all, the invention resolves itself into the omission of the storage feature and a necessary incident thereto.
To make a combination of old elements patentable, there must be some new result accomplished, and as the result in this case is a mere aggregation of the several functions of the different elements of the combination, each performing its old function in the old way, we see nothing upon which a claim to invention can be based. The device is undoubtedly a convenient one, and appears to have proven profitable to the patentee; but we are unanimously of opinion that it lacks the necessary quality of invention.
The application is, therefore,
Denied.